Marian M. Zapata-Rossa (AZ Bar No. 025846)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: mzapata-rossa@swlaw.com
*Attorneys for Defendant Aerotek, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jania Mkunga,<br><br>              Plaintiff,<br>v.<br><br>Aerotek, Inc., a Maryland Corporation; Edward D. Jones & Co., a Missouri Limited Partnership,<br><br>              Defendants. | No. CV-17-04652-DLR<br><br>**THE PARTIES' RULE 26(f) JOINT CASE MANAGEMENT REPORT** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's February 16, 2018, Order setting the Rule 16 Case Management Conference [Dkt. 20], Plaintiff, Jania Mkunga, and Defendants, Aerotek, Inc. and Edwards D. Jones & Co., (collectively the "Parties") hereby submit their Joint Case Management Report.

**1.      The Parties Who Attended the Rule 26(f) Meeting**

Jania Mkunga,
*Pro Se*

Marian M. Zapata-Rossa, Esq.
*Counsel for Defendant Aerotek, Inc.*

Kristy Leah Peters, Esq.
Melissa Lori Shingles, Esq.
*Counsel for Defendant Edward D. Jones & Co.*

**2.      Nature of the Case**

**Plaintiff:**

Plaintiff believes that Defendants Aerotek, Inc. and Edward Jones & Company engaged in a pattern of discrimination when they allegedly claim that Plaintiff took an

assessment test and failed it. Plaintiff's contention is that she did not take an assessment test. In addition, Defendant Edward Jones belatedly "manufactured" a phantom live call format assessment which Plaintiff believes is pretext, a cover-up to justify Plaintiff's termination from her employment at EDJ. As a result, Plaintiff believes that coming up with a "random" score of this phantom assessment several months after the charge was filed with EEOC is egregious behavior and willful animus by both parties against Plaintiff in violation of Federal and State labor laws and Title VII Civil Rights of Plaintiff's Civil Rights. Plaintiff will ask the court in the jury trial to reject the notion that the assessment even occurred, including the validity of this so-called live call assessment test and its scores as alleged by the Defendants. EEOC Uniform Guidelines of Employee Selection Procedures (UGESP) is clear about the impact certain employment selection instruments in the selection process and how some of the employee selection instruments can easily negatively impact members of minority groups in the form of **disparate impact**. Other more objective and subjective methods of assessment were available at EDJ, however, EDJ did not use them to assess Plaintiff's learning experience and continued training. Moreover, Plaintiff had already taken a pre-employment test from Defendant Aerotek before she was considered for employment at EDJ. Furthermore, Plaintiff was treated differently – less favorably than other Aerotek and non-Aerotek similarly situated contractor employees at EDJ. Plaintiff was not given the same amount of training privileges as other similarly situated contractor employees. As a result, Plaintiff suffered **disparate treatment**. In yet another example, other Aerotek and non-Aerotek contractor employees were not given the same live call assessment test. If they were given the same live call assessment, there is no reason Defendants don't have these scores readily available during the MID discovery while Plaintiff's scores are available. Mock client call scenario assessment tool was used to assess other younger, American-born, non-accent speaking contractor employees. Plaintiff witnessed firsthand when a mock scenario assessment was given to one of the contractor employees. There is an abundance of evidence that other contractor employees were notified and prepared to take the

assessment ahead of time. Plaintiff was not given the same opportunity by her on-the-job coaches nor by Aerotek's recruiting team. The nature of this case is discrimination by **disparate treatment and disparate impact**, and yet neither Party is eager to share the data which is the basis for Plaintiff's termination while other contractor employees were retained.

**Defendant Aerotek:**

Aerotek is a global recruitment and staffing agency that works with various companies to provide employee staffing services. Starting on or about September 7, 2016, Aerotek hired Plaintiff as an Operations Specialist II to work on assignment with its client, Edward Jones. On or about October 6, 2016, Edward Jones Contingent Workforce Coordinator, Dana Cronin, contacted Aerotek Account Recruiting Manager, Juan Calixto requesting to end Plaintiff's assignment at Edward Jones due to her unsatisfactory performance. At *no point* during Plaintiff's assignment or upon termination of that assignment did she raise any concerns she was being subjected to discrimination based on her age, race, or national origin. It was not until later that she indicated she was not satisfied with the reasons why the temporary assignment at Edward Jones ended. Upon further review, however, Aerotek learned that during Plaintiff's performance assessments, during which the trainers monitor the calls of all new trainees, Plaintiff's trainers reported multiple instances where she provided the wrong information to Edward Jones customers as well as situations where the customers became angry with Plaintiff. Her trainers decided that she was not implementing takeaways from lessons learned and the coaching sessions she had received. Unfortunately, Plaintiff did not show sufficient improvement and therefore, her assignment was ended. Plaintiff's claims that she was discriminated against are frivolous and based solely on her subjective belief as to her qualifications for her position and her performance. Defendant Aerotek is, therefore, entitled to recover costs and attorneys' fees incurred.

Notably, even after Edward Jones ended her assignment, Plaintiff remained eligible for other work opportunities through Aerotek. On or about October 14, 2016, Aerotek

1  found her a new assignment with its client, Delta Career Education Corp., working as a
2  Financial Advisor Representative. However, without giving any notice, Plaintiff tendered
3  her resignation within weeks, stating that she found more suitable employment elsewhere.
4  Despite Aerotek's attempts to contact Plaintiff thereafter for future placement
5  opportunities, she never responded. Accordingly, Aerotek has not taken any adverse
6  actions against Plaintiff, and any action that was taken against Plaintiff was taken for
7  legitimate, non-discriminatory reasons. Aerotek would have made the same decisions
8  regarding Plaintiff absent any impermissible motivation. At all times, Aerotek acted in
9  good faith and without malice, ill will, or reckless indifference toward Plaintiff.
10 Therefore, Aerotek has no liability in this case.

**Defendant Edward D. Jones & Co ("Edward Jones"):**

Plaintiff was an employee of Defendant Aerotek, a staffing company. Plaintiff began a temporary assignment in the Insurance Services Department of Edward Jones on September 7, 2016. In this role, Plaintiff was responsible for fielding telephone calls from branch offices and advising branch office employees on the proper procedures for processing insurance products. Beginning with the first day of her assignment, Plaintiff participated in one week of classroom-based onboarding, followed by a period of on-the-job onboarding led by Insurance Services On-the-Job Coach Rochelle Martinez. As Plaintiff began to field calls, Ms. Martinez observed that she appeared unable to apply information learned during the onboarding process. As a result, Ms. Martinez extended Plaintiff's onboarding for an additional week. During the additional period, however, Ms. Martinez noted that Plaintiff continued to confuse processes and was uncertain about which intranet pages she should utilize during calls.

At the end of the onboarding period, temporary workers in the Insurance Services Department are given a proficiency test, which involves a review of a selection of the worker's recent live calls. Plaintiff scored only 60% on her proficiency test, well short of the 90% score required for workers to move from the onboarding period to working independently. On October 6, 2016, Edward Jones informed Aerotek that they wished to

end Plaintiff's assignment due to her failure to grasp the requirements of her role and her poor score on the proficiency test.

Edward Jones affirmatively asserts that it was not Plaintiff's employer, nor was it a joint employer.  Accordingly, Plaintiff's claims under Title VII and the Arizona Civil Rights Act fail as a matter of law.  Additionally, Plaintiff's claims under the Arizona Civil Rights Act are time-barred because she filed her Charge on October 17, 2016, but did not file the Complaint until December 15, 2017 – past the one-year statute of limitations.

Even assuming Edward Jones was a joint employer, which Edward Jones expressly denies, Plaintiff's race, national origin, or age did not play any part in its decision to request that Aerotek end her assignment with Edward Jones.  With respect to Plaintiff's claims of race and national origin discrimination, Plaintiff cannot show that she was performing up to Edward Jones' legitimate expectations or that similarly-situated individuals outside her protected class were treated more favorably.  Plaintiff also cannot meet the burden of establishing discrimination under the ADEA.  She cannot prove that age was the "but-for" cause of Edward Jones's decision to request the end of her assignment.  Here, Plaintiff has no evidence that Edward Jones treated her differently on the basis of her age, let alone evidence that it ended her assignment *because* of her age.  Edward Jones acted with legitimate, non-discriminatory reasons – Plaintiff's failure to pass the proficiency test – when it ended her assignment.

**3.     Principal Factual and Legal Disputes in Case**

The principle disputes in this case involve:

- Whether Plaintiff was discriminated against on the basis of her race, national origin, and age in violation of the Arizona Civil Rights Act, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and the Age Discrimination in Employment Act of 1967 ("ADEA").
- Whether Plaintiff was performing her job satisfactorily.
- Whether Plaintiff took an assessment test as alleged by both Defendants.
- Whether Defendant Aerotek had a legitimate, nondiscriminatory, non-

- 5 -

- pretextual reason for terminating Plaintiff's employment.
- Whether Defendant Edward Jones was Plaintiff's employer.
- Whether Defendants would have taken the same actions against Plaintiff, regardless of her race, age, and national origin.
- Whether Defendant acted wrongfully or with ill will, malice, or reckless indifference toward Plaintiff.
- Whether Plaintiff's claims are barred by the after-acquired evidence doctrine.
- Whether Plaintiff's claims under the Arizona Civil Rights Act are time-barred.
- Whether Plaintiff has mitigated her damages.

**4.     Jurisdictional Basis of the Case**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the Title VII (42 U.S.C. § 2000e-2 *et seq.*), 42 U.S.C. § 1981, and the ADEA (29 U.S.C. § 621 *et seq.*). The Court has supplemental jurisdiction over Plaintiff's claims under the Arizona Civil Rights Act pursuant to 28 U.S.C. § 1367.

**5.     Parties That Have Not Been Served or Have Not Appeared**

All parties have been served and have appeared.

**6.     Expected Additional Parties or Amendments to the Pleadings**

None.

**7.     Contemplated Motions**

Defendant Aerotek anticipates intends to serve Motion for Summary Judgment on the issue of whether or not Plaintiff was discriminated against on the basis of national origin, race, or age by Aerotek, and whether Plaintiff is entitled to recover damages in this case.

Defendant Edward Jones anticipates filing a dispositive motion on one or more of Plaintiff's claims.

**8.    Reference to a United States Magistrate Judge**

The Parties agree that the case is not suitable for reference to a United States Magistrate Judge.

**9.    Status of Any Related Cases**

Not applicable.

**10.   Issues Under the Mandatory Initial Discovery Pilot Project ("MIDP")**

The Parties do not anticipate any issues relating to preservation of information or to the disclosure or discovery of electronically stored information, including the form in which it should be produced. If such issues do arise, the Parties suggest that the Parties promptly attempt to resolve them and bring them to the Court only if necessary.

**11.   Nature of Discovery**

A.    Anticipated Discovery

**Plaintiff:**

Plaintiff has already requested Defendants for Admissions. Plaintiff will also request Production of Documents and Interrogatories pursuant to Rules 33, 34 and 36. Plaintiff may also subpoena any third parties for relevant documents relevant to Plaintiff's claims.

**Defendants:**

Defendants intend to depose the Plaintiff and may also depose non-parties, currently unknown, who have knowledge regarding Plaintiff's claims or otherwise can testify to the Plaintiff's assignment with Edward Jones. Defendants also intend to depose Plaintiff's expert witness, if any. Defendants anticipate serving initial discovery requests on Plaintiff pursuant to Rules 33, 34, and 36 in the near future. Defendants may propound further discovery requests in the future. Defendants will also subpoena any third parties for records relevant to Defendants' defenses. At present, Defendants anticipate the location of discovery will occur entirely in Arizona.

B. <u>Suggested Changes to FRCP</u>

At this juncture, the Parties do not wish to change the discovery limitations set forth in the Federal Rules of Civil Procedure, except that the Parties agree to limit the number of requests for admission, pursuant to Rule 36 of the Federal Rules of Civil Procedure, to (40) per Party.  Defendants further request the Court limit the number of requests for production of documents, pursuant to Rule 34 of the Federal Rules of Civil Procedure, to forty (40) per Party, but Plaintiff opposes this request.

C. <u>Number of Hours for Each Deposition</u>

Depositions shall be limited to seven hours each, as provided in Rule 30(d)(1) of the Federal Rules of Civil Procedure.  However, if either Defendant requires more than seven hours combined to complete Plaintiff's deposition, the Parties will meet and confer as to a convenient and reasonable amount of additional time to allow Defendants the opportunity to do so.

**12.  When the Parties Served Their MIDP Discovery Responses**

Pursuant to General Order 17-08, Defendant Aerotek served its MIDP discovery Responses on March 19, 2018; Plaintiff on March 26, 2018; and Defendant Edward Jones on March 30, 2018.

**13.  Proposed Deadlines**

A. <u>Deadline for MIDP Responses and Fact Discovery</u>

The deadline for final supplementation of MIDP responses and the completion of fact discovery, including discovery by subpoena, shall be **October 26, 2018**.  To ensure compliance with this deadline, the following rules shall apply:

i. <u>Written Discovery</u>.  All interrogatories, requests for production, and request for admissions shall be served at least **45 days** before the fact discovery deadline.

- 8 -

      ii.      The Parties may mutually agree in writing, without Court approval, to extend the time provided for discovery responses under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon extensions, however, shall not alter or extend the discovery deadlines set forth in the Case Management Order.

  B.    <u>Dates for Complete Disclosures of Expert Testimony</u>

      i.      Plaintiff shall provide full and complete expert disclosures, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than **July 27, 2018**.

      ii.      Defendants shall provide full and complete expert disclosures, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than **August 31, 2018**.

      iii.      Rebuttal expert disclosures, if any, shall be made no later than **September 14, 2018**. Rebuttal experts shall be limited to responding to opinions stated by initial experts.

  C.    <u>Deadline for Completion of all Expert Depositions</u>

    Expert depositions shall be completed no later than the discovery deadline of **October 26, 2018.**

  D.    <u>Deadline for Filing Dispositive Motions</u>

    All dispositive motions shall be filed no later than **December 7, 2018**.

  E.    <u>Date by Which Parties Will Engage in Settlement Talks</u>

    All Parties and their counsel shall meet in person and engage in good faith settlement talks no later than **November 2, 2018**.

**14.**    **<u>Jury Trial Requests</u>**

Plaintiff requested a trial by jury. Defendants oppose this request.

**15.**    **<u>Estimated Length of Trial</u>**

The Parties estimate the trial will take no longer than three (3) to four (4) days.

### 16. Prospects for Settlement

As of yet, the Parties have not engaged in settlement discussions, but are amenable to doing so. The Parties will inform the Court if they require the Court's assistance to schedule a settlement conference.

### 17. Other Matters

None.

Dated this 3rd day of May, 2018.

/s/ Jania Mkunga
Jania Mkunga
3519 E. Tulsa Street
Gilbert, AZ 85295
*Plaintiff in Prop Per*

SNELL & WILMER L.L.P.

By: s/ Marian M. Zapata-Rossa
Marian M. Zapata-Rossa
One Arizona Center
400 East Van Buren, Suite 1900
Phoenix, Arizona 85004
*Attorney for Defendant Aerotek, Inc.*

LITTLER MENDELSON PC

By: s/ Kristy Leah Peters
Kristy Leah Peters
Melissa Lori Shingles
2425 East Camelback Road, Suite 900
Phoenix, Arizona 85016
*Attorney for Defendant Edward D. Jones & Co.*

**CERTIFICATE OF SERVICE**

I do hereby certify that, on this 3rd day of May, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and by email and/or U.S. First Class Mail if non-registrants:

Jania Mkunga
3519 East Tulsa Street
Gilbert, Arizona 85295
jmkunga@footprintspartners.com
*Plaintiff Pro Per*

Kristy Leah Peters, Esq.
Melissa Lori Shingles, Esq.
Littler Mendelson PC
2425 E. Camelback Rd., Suite 900
Phoenix, AZ 85016-2907
kpeters@littler.com
mshingles@littler.com
*Attorneys for Defendant Edward D. Jones & Company*

By:   Leslie Boone

4837-7845-4879.6